# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DAVID CHIMINELLO,** | ) **Case No.:** |
| | ) |
| Plaintiff, | ) |
| **v.** | ) |
| | ) |
| **GLOBAL CREDIT AND** | ) **COMPLAINT AND DEMAND** |
| **COLLECTION CORPORATION,** | ) **FOR JURY TRIAL** |
| **INC.,** | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant. | ) |

## COMPLAINT

DAVID CHIMINELLO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GLOBAL CREDIT AND COLLECTION CORPORATION, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

- 1 -

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Abington, Massachusetts 02351.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.    Defendant is a national debt collection company with its corporate headquarters located at 5440 N Cumberland Ave, Chicago, IL 60656.

9.    Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11.    The principal purpose of Defendant's business is debt collection.

12.     Defendant is a "person" as that term is defined by 47 U.S.C.§153(39).

13.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14.     Defendant was attempting to collect an alleged consumer debt from Plaintiff.

15.     Defendant has been contacting Plaintiff regarding a credit card debt that was incurred primarily for personal, family or household purposes.

16.     Beginning in or around September 2016 and continuing thereafter, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone.

17.     Defendant has placed telephone calls to Plaintiff from the following phone numbers: (866) 318-6742 and (877) 865-9814. The undersigned has confirmed that these phone numbers belongs to Defendant.

18.     Desiring to stop these repeated calls, Plaintiff spoke to Defendant in or around September 2016 or October 2016 and requested Defendant stop calling him.

19.    Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

20.    Defendant ignored Plaintiff's request to stop calling and continued to make repeated calls to Plaintiff's cellular telephone through December 2016.

21.    During this Defendant placed calls to Plaintiff prior to 8:00am.

22.    When contacting Plaintiff, Defendant used an automated telephone dialing system and/or a pre-recorded voice.

23.    Plaintiff knew Defendant was using an automated telephone dialing system and/or a pre-recorded voice as he would receive pre-recorded voice messages from Defendant.

24.    Defendant's calls were not for emergency purposes.

25.    These calls were frustrating and annoying for Plaintiff, so he downloaded a blocking application to his cellular telephone in order to stop Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

26.    A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.    A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

1
2

continuously with the intent to annoy, abuse or harass any person at the called number.

3
4
5
6

28.   Defendant violated these sections when it placed repeated and harassing calls to Plaintiff's cellular phone and continued to call Plaintiff after knowing its calls were unwanted.

7
8
9

**COUNT II**
**DEFENDANT VIOLATED THE**
**TELEPONE CONSUMER PROTECTION ACT**

10
11
12

29.   Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

13
14
15

30.   Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

16
17
18
19
20

31.   Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

21
22
23
24

32.   Despite the fact that Plaintiff revoked any prior consent Defendant had been provided, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

25

PLAINTIFF'S COMPLAINT

33.   Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

34.   Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.


WHEREFORE, Plaintiff, DAVID CHIMINELLO, respectfully prays for judgment as follows:

a.   All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d.   Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

e.   Statutory damages of up to $1,500 for each call in violation of the

TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

f.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVID CHIMINELLO, demands a jury trial in this case.

Respectfully submitted,

Dated: August 21, 2017        s/ Craig Thor Kimmel
                             Craig Thor Kimmel, Esq.
                             Kimmel & Silverman, P.C.
                             30 East Butler Pike
                             Ambler, PA 19002
                             Phone: (215) 540-8888
                             Facsimile: (877) 788-2864
                             Email: kimmel@creditlaw.com

- 7 -